■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD JONES, Respondent. [643 NYS2d 67] —Order, Supreme Court, New York County (James A. Yates, J.), entered August 12, 1993, which granted defendant's motion to suppress physical evidence, is unanimously reversed, on the law, suppression is denied, and the matter is remanded to the Supreme Court for further proceedings.

Defendant was observed by a police officer handing vials to unidentified individuals in exchange for money and retrieving vials from a black bag placed in or under a bush on the public sidewalk next to a lighted lamp post. The police stopped defendant and minutes later the black bag was opened by the police and found to contain seven vials of crack.

The hearing court fully credited the testimony of the officer, but granted the motion to suppress, concluding that defendant had a legitimate expectation of privacy in the bag, and that the People had failed to establish defendant's unequivocal intention to abandon the bag. We do not disturb the hearing court's findings of fact, but find its conclusion, in light of the

recent Court of Appeals decision in *People v Mims* (88 NY2d 99), to be erroneous, and, therefore, reverse.

In *Mims*, the Court held that the defendant did not have a legitimate expectation of privacy in a bag placed on a refuse pile in front of an abandoned building and that the legal question of abandonment was, therefore, not implicated. Since the facts herein are very similar, we conclude that defendant did not have standing to challenge the search and seizure of this bag and, accordingly, suppression should not have been granted. Concur—Sullivan, J. P., Rubin, Nardelli and Tom, JJ.